State ex rel Davidson vs. Judges.

## No. 9312.

THE STATE EX REL. JOHN DAVIDSON VS. THE JUDGES OF THE COURT OF APPEALS OF THE PARISH OF ORLEANS.

The Court of Appeals has jurisdiction over a controversy, the matter in dispute wherein involves the allowance to a minor in necessitous circumstances, of one thousand dollars, under Art. R. C. C. 3552, which is a reproduction of the Act of 1852.

The recent amendment of Art. 81 of the Constitution in force, which gives to this court exclusive jurisdiction when the right to a homestead is claimed, refers to the homestead mentioned in Arts. 219 to 223 of that instrument, and not necessarily to the provisions of Art. R. C. C. 3552, which only makes necessitous widows and minors privileged creditors of the estate of the deceased.

A *mandamus* lies to compel the Court of Appeals to hear and determine such a case, although it has ruled that it has no jurisdiction over it.

APPLICATION for Mandamus.

*B. R. Forman,* for the Relator.

The Respondents *in propriis personis.*

The opinion of the Court was delivered by

BERMUDEZ. C. J.   This is an application for a *mandamus.*

The relator complains that the respondents have refused, without authority of law, to pass upon the merits of an appeal taken by him, from a judgment allowing a minor, said to be in necessitous circumstances, out of the funds of a succession which he administers, the sum of one thousand dollars.   This was the only matter in dispute.

The ground on which the refusal was based is, that by the amendment of Article 81 of the Constitution, adopted in May last, this court was given exclusive jurisdiction in cases involving the right to a homestead.

The judges of the Court of Appeals have made return accordingly.

The allowance by the District Court was made under the provisions of Art. R. C. C. 3552, which is the Act of 1852, entitled, "an act to provide a *homestead* for the widow and children of deceased persons."

The object and purpose of this Act was not to provide for a *homestead,* strictly speaking, but to make the necessitous widow and minor children of the deceased privileged creditors of the succession and to have them paid in preference to other creditors.

The amendment of Art. 81 refers to the *homestead* mentioned in Articles 219 to 223 of the Constitution.   The word *"homestead,"* there used is to be taken in its technical sense.   It means the land and dwelling, the cattle and effects appropriated, as a permanent residence for the family.   Abbott and Bouvier, vo. *Homestead.*

State ex rel. Segura vs. Judge.

In succession of Durkin, 30 Ann. 670, the previous court said the Act had been misnamed in its title; that it is an Act providing the necessitous widow's portion out of her husband's estate. It reiterated the language in Curran vs. Ames, V., Manning's Unrep. Cases, 442.

It is over such cases of homesteads alone, as are mentioned in the present Constitution, that this court has exclusive jurisdiction.

It is, therefore, ordered and decreed that the alternative mandamus herein issued be made peremptory, and that the respondents do proceed to hear and determine the case presented.